PROVIDENCE BUICK COMPANY *vs.* SIMON KLEIN.

JUNE 4, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J. This action of assumpsit is brought to recover the balance due on the sale of an automobile by the plaintiff to the defendant. At the close of the testimony the trial justice directed a verdict for the plaintiff and the defendant has brought the case to this court by his bill of exceptions.

The defendant admitted purchasing the automobile April 19, 1921, and that there was a balance due on the purchase price. The defence was that the plaintiff guaranteed that the price on its automobiles would not be reduced before August 1, 1921, and agreed that if the price was reduced before that time, it would allow the defendant a refund equal to the amount of the reduction; and defendant claimed that the plaintiff reduced the price of its automobiles about June 15, 1921, sufficiently to entitle him to a refund for more than the balance due.

This action was commenced June 17, 1921, and three days thereafter the defendant commenced a counter suit to recover the refund due him on account of the reduction in the price of the automobiles.

The defendant states several exceptions to the refusal of the trial justice to permit the introduction of testimony tending to prove plaintiff's agreement to refund the amount of any reduction in the price of the automobile before August 1, 1921, and the amount of such reduction. The testimony was excluded because it appeared that the defendant then had an action pending against the plaintiff for the purpose of recovering the amount claimed to be due as a refund. There was no error in the exclusion of the testimony for this court has held that the defendant cannot avail himself of a set-off when he has a suit pending against the plaintiff based on the same claim which he seeks to set-off. *Banigan* v. *Woonsocket Rubber Co.*, 21 R. I. 171. Defendant's right to the election of remedy applies to demands which may be set-off by way of recoupment as well as those which may be pleaded in set-off, and if he elects to bring an independent action he is bound thereby, at least

until he abandons it by discontinuing the action. *Banigan v. Woonsocket Rubber Co.*, 22 R. I. 93; 34 Cyc. 758.

The defendant elected to bring an independent action against the plaintiff instead of filing his statement in set-off with his plea of the general issue in the plaintiff's action, and he is bound by his election of remedies.

Near the close of the plaintiff's testimony it introduced in evidence the writ and declaration in the defendant's action against it, for the purpose of proving the pendency of such action. The defendant then moved to discontinue his action. The trial justice denied the motion and this ruling is the ground for the thirteenth exception. Sec. 27, Chap. 283, General Laws, 1909, provides for the discontinuance of a civil action. There is no claim that the defendant attempted to comply with any of the provisions of this section. There is no merit in this exception.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien*, for plaintiff.

*Henry D. Bellin, Frank H. Bellin*, for defendant.